**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1891**

_____

DENNIS A. LEVERETTE, SR.,

    Plaintiff - Appellant,

  v.

LOUIS BERGER U.S., INC.,

    Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:19-cv-00268-SAL)

_____

Submitted:  May 21, 2024        Decided:  May 23, 2024

_____

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Shannon Polvi, CROMER BABB PORTER & HICKS, LLC, Columbia, South Carolina, for Appellant.  William H. Foster, Katie E. Towery, LITTLER MENDELSON, P.C., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis A. Leverette, Sr., appeals the district court's orders granting summary judgment to Defendant on his retaliation claim under the False Claims Act (FCA), 31 U.S.C. § 3730(h), and denying his Fed. R. Civ. P. 59(e) motion. On appeal, Leverette asserts that he established a prima facie case of retaliation under the FCA and that genuine issues of material fact existed regarding whether Defendant's proffered reason for his termination was pretextual. Leverette also contends that the court erred in denying his Fed. R. Civ. P. 59(e) motion, in which he sought to file a third amended complaint. We affirm.

"We review a district court's grant of summary judgment de novo." *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019). "Summary judgment is appropriate only when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). "[W]e, like the district court, must review the facts in the light most favorable to [the nonmoving party], drawing all reasonable inferences in [its] favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021).

"The FCA is designed to discourage contractor fraud against the federal government." *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). To that end, the FCA includes a provision that protects whistleblowers from retaliatory adverse employment actions. 31 U.S.C. § 3730(h)(1). To bring a successful retaliation claim under the FCA, a plaintiff must show that (1) he engaged in protected activity; (2) his employer knew of the protected activity; and (3) his employer took adverse action against him as a result. *Glynn*, 710 F.3d at 214. Under § 3730(h), protected activity includes acts done "in furtherance of an FCA action" and "other efforts to stop 1 or more FCA violations." *United*

2

*States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 200 (4th Cir. 2018) (cleaned up). When a plaintiff's claim relies on the latter definition of protected activity, as is the case here, the plaintiff must have held "an objectively reasonable belief that the employer [was] violating, or soon [would] violate, the FCA." *Id.* at 201; *see id.* at 201-02 (explaining how to determine whether a plaintiff's belief was objectively reasonable).

If the plaintiff establishes a prima facie case of retaliation, the burden then shifts to the employer to articulate a legitimate, nonretaliatory basis for the adverse employment action. *See Walton v. Harker*, 33 F.4th 165, 177-78 (4th Cir. 2022) (discussing retaliation claims in context of Title VII); *Lestage v. Coloplast Corp.*, 982 F.3d 37, 47 (1st Cir. 2020) (applying framework to FCA action). If the employer makes this showing, the burden shifts back to the plaintiff to rebut the employer's evidence by showing that the employer's purported nonretaliatory reasons were pretextual. *Walton*, 33 F.4th at 178; *Lestage*, 982 F.3d at 47.

While employed with Defendant, Leverette worked on projects for Shaw Air Force Base ("Shaw AFB"), a federal entity. In August 2016 and again on October 7, 2016, Defendant requested that Leverette modify his internal timesheets by assigning recorded work time to project numbers or project at risk numbers, rather than overhead. As to Defendant's August 2016 requests, Leverette replied that he would attempt to ensure he recorded his time appropriately and successfully resubmitted his timesheets. As to Defendant's October 7, 2016, request, Leverette replied that he was "concerned" it would be "inappropriate" to modify his timesheet as Defendant had requested. One of Leverette's supervisors, agreeing with Leverette, stated that some of the time would likely remain as

3

overhead and would not be chargeable to a project. On October 17, 2016, Defendant terminated Leverette. Defendant terminated more than a dozen employees in October 2016.

In his second amended complaint, Leverette asserted that Defendant's August and October 2016 requests for him to modify his timesheets constituted violations of the FCA—namely, overbilling Shaw AFB. Leverette alleged that his replies to Defendant's requests were therefore protected activity under the FCA and that Defendant terminated him in retaliation.

The district court found that Leverette failed to show any of the three requirements to establish a retaliation claim under the FCA. The court found that Leverette failed to show that his conduct was protected activity because, even if he believed Defendant's August and October 2016 requests constituted an intent to violate the FCA, his belief was not objectively reasonable. The court next found that nothing about the alleged protected activity suggested Defendant knew, or had notice, that Defendant's actions could be grounds for an FCA action. Finally, the court found that, even if Leverette established a prima facie case of retaliation, Defendant's nondiscriminatory reason for terminating him—namely, a reduction in force—was not pretextual.

We conclude that Leverette failed to demonstrate that his conduct constituted protected activity because he failed to show that the time he recorded on his internal timesheets was, or ever would be, billed to the federal government. Thus, Leverette's alleged belief that Defendant's requests amounted to a violation of the FCA was not objectively reasonable. Additionally, even assuming Leverette could establish a prima

4

facie case of retaliation, he failed to show any evidence that would suggest Defendant's nonretaliatory reason for his termination was pretextual. *See Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 722 (4th Cir. 2013) (noting that, to establish pretext, plaintiff must show his employer's reason for terminating him was "dishonest or not the real reason for his termination"). Therefore, the district court did not err in granting Defendant's motion for summary judgment.

Leverette next contends, as he did in his Rule 59(e) motion, that, in the event the district court correctly granted summary judgment to Defendant on his FCA retaliation claim, he should be allowed to amend his second amended complaint to raise a claim of wrongful termination in violation of public policy under South Carolina law. "[A] district court may not deny . . . a motion [to amend] simply because it has entered judgment against the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). Instead, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 426 (internal quotation marks omitted). We generally review a district court's "denial[] of leave to amend . . . for an abuse of discretion." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022).

In Leverette's view, the district court's October 16, 2019, order required him to substitute his wrongful termination claim for an FCA retaliation claim. However, nothing in the district court's one paragraph order permitting amendment suggested that Leverette had to remove his wrongful termination claim or that an FCA retaliation claim would

5

ultimately be successful.  We therefore conclude that the district court did not abuse its discretion in denying Leverette leave to file a postjudgment third amended complaint more than two years after his second amended complaint.  *See Nicholson*, 42 F.4th at 198 (explaining that prejudice and bad faith are more plausible when a substantial amount of time exists between a prior version of the complaint and a motion to amend).

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*